**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|   |   |   |
|---|---|---|
| ALTURIK FRANCIS, | : | Civil Action No. 18-10199 (JMV) |
| Petitioner, | : |   |
| v. | : | **MEMORANDUM ORDER** |
| STATE OF NEW JERSEY, *et al.*, | : |   |
| Respondents. | : |   |

**1.** Presently before the Court is *pro se* Petitioner Alturik Francis's (Petitioner) second motion to stay this habeas matter.[1] (ECF No. 31). For the reasons set forth below, Petitioner's motion is granted.

**2.** On or about July 19, 2018, Petitioner filed his pertinent habeas pleading seeking relief pursuant to 28 U.S.C. § 2254 (the "Petition"). (ECF No. 8). The Petition sets forth nineteen grounds for relief. In Ground Eight, Petitioner claims that his "sentence is improper and excessive." (*Id.* at 15).

**3.** On or about January 6, 2020, Petitioner filed the present motion to stay this federal habeas matter so that he can litigate his illegal sentence claim. (ECF No. 31). Petitioner provides that he filed "a motion to correct an illegal sentence that was granted." [2] (*Id.* at 2). Petitioner expressly notes that the instant motion relates to ground eight of his habeas petition. (*Id.*). Petitioner's request for a stay, includes an attachment, which is an order from the Union County

---

[1] Petitioner's previous motion to stay was denied on March 7, 2019. (ECF No. 22).

[2] Petitioner has not provided any exhibits or evidence that supports his claim that the illegal sentence motion was already granted in state court.

Superior Court approving Public Defender Representation for purposes of the illegal sentence correction motion. (*Id.* at 3).

4. On January 16, 2020, Respondents filed their response to Petitioner's motion. (ECF No. 32). Respondents argue that Petitioner seeks to exhaust a prosecutorial misconduct claim, which cannot be raised in a motion for illegal sentence.[3] (*Id.* at 2). Respondents further argue that Petitioner incorrectly submitted to this Court that his motion for illegal sentence was granted. (*Id.* at 1). Finally, Respondents argue that Petitioner's challenge to his sentence by way of a motion to correct an illegal sentence is a means to relitigate an issue that was previously raised in his direct appeal and denied by the state courts. (*Id.* at 3).

5. A state prisoner applying for a writ of habeas corpus under § 2254 in federal court must first "exhaust[] the remedies available in the courts of the State," unless "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(l). A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See*, *e.g.*, *O'Sullivan v. Boerekel*, 526 U.S. 838, 847 (1999); *see also* 28 U.S.C. § 2254(c).

6. An attempt to exhaust all state remedies may place a habeas petition in jeopardy under the one-year statute of limitations set out in § 2244(d)(1). A court may therefore, in certain "limited circumstances," grant a protective stay to permit a petitioner to exhaust his unexhausted claims without letting the limitations period expire on the exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *accord Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004).

---

[3] Petitioner's instant motion does not appear to address a prosecutorial misconduct claim.

**7.** Pursuant to *Rhines*, 544 U.S. at 277-78:

> [S]tay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

**8.** Here, however, the claim which is now pending before the state court, has been exhausted. *State v. Francis*, Indictment No. 05-06-0707, 2012 WL 3166604 (N.J. Super. Ct. App. Div. Aug. 7, 2012). Nonetheless, the state court's approval of public defender representation, appears to suggest that it will consider the merits of Petitioner's illegal sentence motion.

**9.** In light of the foregoing and to conserve judicial resources, the Court finds it prudent to stay the federal habeas action while Petitioner is pursuing his state court remedies.

Therefore,

**IT IS** on this 4th day of February, 2020,

**ORDERED** that Petitioner's motion for a stay of this action (at ECF No. 31) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall be instructed to administratively terminate the action; and it is further

**ORDERED** that Petitioner shall submit a status report within 6 months, unless he has already moved to reopen the proceedings; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Order upon Petitioner by U.S. mail.

s/ John Michael Vazquez
HON. JOHN MICHAEL VAZQUEZ
United States District Judge
